# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC, | Case No. 1:23-cv-00292-JLT-SAB |
| Plaintiff, | ORDER VACATING JULY 19, 2023 HEARING, GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND, AND ORDERING PLAINTIFF TO FILE AMENDED COMPLAINT |
| v. | |
| KINGS SMOKESHOP, et al., | |
| Defendants. | (ECF Nos. 10, 11) |
| | **FIVE DAY DEADLINE** |

**I.**

**INTRODUCTION**

Currently pending before the Court is Plaintiff's motion to file a first amended complaint, filed on June 7, 2023. (ECF No. 10.) The motion is currently set for hearing on July 19, 2023, at 10:00 a.m. in Courtroom 9. (ECF No. 11.) The period in which to have filed a timely objection has now passed. L.R. 230(c). Having considered the moving papers, the lack of opposition, and the Court's file, the Court finds this matter suitable for decision without oral argument, and shall vacate the July 19, 2023, hearing, and grant Plaintiff's motion to amend. See Fed. R. Civ. P. 15; Local Rule 230(g).

/ / /

/ / /

/ / /

1

## II.

## BACKGROUND

Plaintiff filed this action on February 25, 2023, against Kings Smokeshop d/b/a Kings Smokeshop ("Kings Smokeshop"), and John Doe, alleging trademark infringement, counterfeiting, and false designation of origin and unfair competition.  (ECF No. 1.)  On April 12, 2023, default was entered against Defendant Kings Smokeshop.  (ECF No. 6.)

On June 1, 2023, Plaintiff filed a first amended complaint, and on June 5, 2023, the Court issued an order striking the first amended complaint from the record for being improperly filed without a stipulation or leave of the Court.  (ECF Nos. 7, 9.)

On June 7, 2023, Plaintiff filed the motion for leave to file an amended complaint that is the subject of this order.  (ECF No. 10.)  On June 9, 2023, the Court reset the hearing on the motion to July 19, 2023, at 10:00 a.m., in Courtroom 9.  (ECF No. 11.)

## III.

## LEGAL STANDARD

Twenty-one days after a responsive pleading or a motion to dismiss is filed, a party may amend only by leave of the court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a)(1)-(2).  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' "  Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (noting leave should be granted with "extreme liberality") (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001)).  Leave to amend under Rule 15 is "within the sound discretion of the trial court," and "[i]n exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

In determining whether to grant leave to amend, a court is to consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint."  Nunes v. Ashcroft, 375 F.3d 805,

1  808 (9th Cir. 2004).  The factors are not weighed equally.  Bonin v. Calderon, 59 F.3d 815, 845
2  (9th Cir. 1995).  "Futility of amendment can, by itself, justify the denial of a motion for leave to
3  amend."  Id.  Undue delay, "by itself . . . is insufficient to justify denying a motion to amend."
4  Owens, 244 F.3d at 712 (quotation marks omitted) (quoting Bowles v. Reade, 198 F.3d 752,
5  757-58 (9th Cir. 1999)).  "[I]t is the consideration of prejudice to the opposing party that carries
6  the greatest weight."  Eminence Capital, 316 F.3d at 1052.  The burden to demonstrate prejudice
7  falls upon the party opposing the amendment.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183,
8  187 (9th Cir. 1987).  "Absent prejudice, or a strong showing of any of the remaining [ ] factors,
9  there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  Id.

## IV.

## DISCUSSION

Following the filing of the initial complaint, Plaintiff performed an investigation and discovered that the correct Defendants are Kings Smoke Shop and Fathye Kassim.  Through the current motion, Plaintiff requests permission to file an amended complaint to substitute the Defendant, John Doe, for the correct Defendant, Fathye Kassim.  Plaintiff's amended complaint, attached as exhibit A to the motion,  substitutes Fathye Kassim, who is the actual owner of the store in the complaint.  Plaintiff argues that allowing Plaintiff to file the amended complaint at this time will allow the case to move forward with all alleged infringers and preserve this Court's time and resources.

Defendant Kings Smoke Shop is in default and did not subsequently appear to oppose this motion prior to the deadline to do so.  The Court finds no bad faith, no undue delay, no apparent prejudice to the opposing party, no futility of amendment, and Plaintiff has not previously amended his complaint.  Consequently, finding that none of the foregoing factors weigh against granting Plaintiff leave to amend, and given the motion was not opposed through any opposition briefs filed by the deadline to file an opposition, the Court finds granting leave to amend appropriate.  See Fed. R. Civ. P. 15(a); Eminence Capital, 465 F.3d at 951; DCD Programs, 833 F.2d at 187 ("Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.").

# V.

# ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on Plaintiff's motion for leave to file an amended complaint set for July 19, 2023, at 10:00 a.m. in Courtroom 9 (ECF No. 11) is VACATED;

2. Plaintiff's motion to amend (ECF No. 10) is GRANTED; and

3. Within **five (5) days** of service of this order, Plaintiff shall file the proposed amended complaint (ECF No. 10-1) on the docket.

IT IS SO ORDERED.

Dated:  **June 26, 2023**

UNITED STATES MAGISTRATE JUDGE