1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GS HOLISTIC, LLC,                        Case No. 1:23-cv-00292-TLN-CSK

12                  Plaintiff,                FINDINGS AND RECOMMENDATIONS
                                              DENYING PLAINTIFF'S MOTION FOR
13          v.                                DEFAULT JUDGMENT

14   KINGS SMOKE SHOP D/B/A KING'S
     SMOKE SHOP,
15                                            (ECF No. 42)
                    Defendant.
16

17          Plaintiff GS Holistic, LLC asserts claims for "Federal Trademark Counterfeiting

18   and Infringement, 15 U.S.C. § 1114" and "Federal False Designation of Origin and Unfair

19   Competition, 15 U.S.C. § 1125(a)" against Defendant Kings Smoke Shop d/b/a/ King's

20   Smoke Shop,[1] seeking monetary damages, restitution, an injunction, and other relief.

21   Second Amended Complaint ("SAC") (ECF No. 28). Defendant has not made an

22   appearance in this action, and a Clerk's Default was entered on May 8, 2024. (ECF No.

23   37.) Presently pending before the Court is Plaintiff's motion for default judgment (Pl.

24   Mot., ECF No. 42), which was taken under submission without argument pursuant to

25   _____

26   [1]  The Second Amended Complaint also alleges claims against Defendant Fathye
     Kassim. (*See* ECF No. 28 at 2.) On August 16, 2024, pursuant to Federal Rules of Civil
27   Procedure 4(m) and 41(b), the district judge dismissed Defendant Kassim based on
     Plaintiff's failure to serve Defendant Kassim and/or for failure to move this case forward
28   as to Defendant Kassim. (ECF No. 40.)

                                          1

Local Rules 230(c) and (g).[2] For the reasons stated below, the Court recommends Plaintiff's motion for default judgment be DENIED.

## I.    BACKGROUND

### A.    Factual Background

The SAC alleges that since 2020, Plaintiff has marketed and sold glass infusers and related accessories using the well-known "Stündenglass" trademark. SAC ¶ 7. Plaintiff is the rightful owner of three federally registered trademarks: (1) U.S. Trademark Registration Number 6,633,884 for "the standard character mark 'Stündenglass' in association with goods further identified in registration in international class 011"; (2) U.S. Trademark Registration Number 6,174,292 for "the design plus words mark 'S' and its logo in association with goods further identified in the registration in international class 034"; and (3) U.S. Trademark Registration Number 6,174,291 for "the standard character mark 'Stündenglass' in association with goods further identified in registration in international class 034."[3] SAC ¶ 11.

Plaintiff has used the Stündenglass trademarks in commerce continuously throughout the United States since 2020. SAC ¶ 13. Plaintiff alleges the Stündenglass trademarks are "distinctive to both the consuming public and the Plaintiff's trade" and that products branded with these trademarks are made from "superior materials" that are "readily apparent to consumers" and "industry professionals." *Id*. ¶ 14. Plaintiff alleges the trademarks are exclusive to it and appear clearly on its products, packaging and advertisements and that it has expended substantial time, money, and other resources

---

[2]  This motion is referred to the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1)(A).

[3]  The Nice Agreement establishes a classification of goods and services for the purposes of registering trademarks and service marks. Class 11 goods include "apparatus and installations for lighting, heating, cooling, steam generating, cooking, drying, ventilating, water supply and sanitary purposes." Class 34 goods include "tobacco and tobacco substitutes; cigarettes and cigars; electronic cigarettes and oral vaporizers for smokers; smokers' articles; matches." *See* List of Goods and Services in Class Order, Nice Classification Index, accessed May 9, 2025, available at https://nclpub.wipo.int/enfr/.

in developing, advertising, and otherwise promoting and protecting its trademarks. *Id*. ¶¶ 15, 17. Plaintiff alleges it has 3,000 authorized stores in the United States, including in California, selling its products using the Stündenglass trademarks and reaching a vast array of consumers throughout the country. *Id*. ¶ 20. Plaintiff alleges its products using the Stündenglass trademarks have a higher sales value than non-Stündenglass branded products and because of this, its products are targeted by counterfeiters. *Id*. ¶¶ 21-22.

The SAC alleges Defendant has, and continues to, offer for sale counterfeit products using the Stündenglass trademarks, including reproductions, counterfeits, copies and/or colorable imitations of one or more of the Stündenglass trademarks, without the consent of Plaintiff. SAC ¶¶ 26-28. Specifically, the SAC alleges that on October 17, 2022, Plaintiff's investigator "purchased a Glass Infuser with Stündenglass [tradem]arks affixed to it" from Defendant for $350.00 and that "it was a Counterfeit product in that it displayed" the three Stündenglass trademarks. *Id*. ¶¶ 31-32. Plaintiff alleges Defendant's "Counterfeit Good contained all three of [Plaintiff's] trademarks" and that Defendant's use of the "Counterfeit [trademarks] is "substantially indistinguishable" or "identical" to Plaintiff's trademarks. *Id*. ¶¶ 32-33. Plaintiff further alleges Fathye Kassim "authorized, directed, and/or participated in" Defendant's "offer for sale, in commerce, of the Counterfeit Goods" and that Fathye Kassim's "acts were a moving, active, and conscious force behind" Defendant's infringement of the Stündenglass trademarks. *Id*. ¶ 34. Plaintiff alleges the use of the counterfeit good "began after the registration of the Stündenglass trademarks" without the consent of Plaintiff. *Id*. ¶ 35.

Plaintiff contends it has suffered losses and damage to the goodwill and reputation of its trademarks because of Defendant Kings Smoke Shop's acts, which "was, and is, likely to cause confusion or to cause mistake and/or deceive consumers who purchase the Counterfeit Goods." SAC ¶¶ 37-38, 45-48. Plaintiff prays for statutory and treble damages; costs; an order enjoining Defendant's sale of any counterfeit product using Plaintiff's Stündenglass trademarks and an order for destruction of

1    products bearing the Stündenglass trademarks; and an accounting and disgorgement of

2    profits/restitution, among other relief. SAC at 13-15.

3        **B.    Procedural Posture**

4        Plaintiff filed a complaint on February 25, 2023, asserting claims against Kings

5    Smokeshop d/b/a Kings Smokeshop and John Doe for Federal Trademark

6    Counterfeiting and Infringement, 15 U.S.C. § 1114 and Federal False Designation of

7    Origin and Unfair Competition, 15 U.S.C. § 1125(a). Compl. (ECF No. 1.) On April 11,

8    2023, Plaintiff requested the entry of default as to Kings Smokeshop, which the Clerk of

9    the Court entered on April 12, 2023. (ECF Nos. 5-6.) On June 1, 2023, Plaintiff filed a

10   First Amended Complaint, which was later stricken by the assigned magistrate judge for

11   failure to seek leave to amend pursuant to Federal Rules of Civil Procedure 15. (ECF

12   Nos. 7, 9.) On June 7, 2023, Plaintiff filed a motion to amend, which the Court granted

13   on June 27, 2023. (ECF Nos. 10, 12.) On June 27, 2023, Plaintiff filed a First Amended

14   Complaint against Defendant Kings Smoke Shop d/b/a King's Smoke Shop and Fathye

15   Kassim, asserting the same claims as his initial complaint. (ECF No. 13.) On July 10,

16   2023, Plaintiff requested the entry of default as to Defendant Kings Smoke Shop and

17   Kassim, which the Clerk of the Court entered on July 27, 2023. (ECF Nos. 16, 17.) After

18   being ordered by the assigned magistrate judge to file a motion for default judgment on

19   July 31, 2023, Plaintiff filed its motion for default judgment. (ECF Nos. 18, 22.) On

20   January 12, 2024, the assigned magistrate judge denied without prejudice Plaintiff's

21   motion for default judgment, vacated the defaults entered against each Defendant, and

22   granted Plaintiff an opportunity to file an amended complaint. (ECF No. 27.) On January

23   23, 2024, Plaintiff filed the operative Second Amended Complaint against Defendants

24   Kings Smoke Shop d/b/a King's Smoke Shop and Fathye Kassim alleging the same

25   claims as his prior complaints. *See* SAC.

26       On February 9, 2024, Plaintiff filed a motion for extension of time to serve

27   Defendants with the Second Amended Complaint, which was granted on February 12,

28   2024. (ECF Nos. 29-30.) On March 28, 2024, Plaintiff filed a second motion for extension

of time to serve Defendants the Second Amended Complaint, which was granted on
April 2, 2024. (ECF Nos. 32, 35.) Plaintiff was warned no further extensions would be
granted absent a showing of good cause. (ECF No. 35.)

On April 1, 2024, Plaintiff filed a proof of summons indicating Defendant Kings
Smoke Shop d/b/a King's Smoke Shop was served with process on February 20, 2024.
(ECF No. 33.) The notice indicates personal service was made on the "owner/authorized
to accept service", Sam Mohammaed, at 1940 Crows Landing Rd Ste 9, Modesto, CA
95358. *Id.* Defendant Kings Smoke Shop did not respond to the SAC or make an
appearance. *See* Docket. On May 3, 2024, Plaintiff requested entry of default as to
Defendant Kings Smoke Shop, which was entered by the Clerk of the Court on May 8,
2024. (ECF Nos. 36-37.) On May 17, 2024, Plaintiff filed a third motion for extension of
time to serve Fathye Kassim. (ECF No. 38.) On May 24, 2024, the district judge granted
Plaintiff's third motion for extension of time and noted Plaintiff's prior requests for
extension of time and indicated in its prior April 2, 2024 order that no further extensions
would be granted absent a showing of good cause. (ECF No. 39.) The district judge
ordered Plaintiff to serve the SAC upon Fathye Kassim, ordered Plaintiff to serve Fathye
Kassim no later than June 14, 2024, ordered that no further extensions would be
granted, and that failure to timely serve Fathye Kassim would result in a dismissal
pursuant to Federal Rules of Civil Procedure 4(m). *Id.* After Plaintiff failed to file a proof
of service or provide the Court with any indication it had served Fathye Kassim as
ordered, on August 16, 2024, the district judge dismissed Fathye Kassim from this action
pursuant to Federal Rules of Civil Procedure 4(m) and 41(b). (ECF No. 40.)

On November 13, 2024, after no action had been taken from Plaintiff, the district
judge issued a minute order directing Plaintiff to file a declaration as to the status of this
action or a motion for default judgment. (ECF No. 41.) On November 19, 2024, Plaintiff
filed the pending motion for default judgment. Pl. Mot. On the same day, Defendant
Kings Smoke Shop was served with the motion for default judgment. Pl. Mot. at 26. A
hearing was set on the motion before the undersigned for February 18, 2025. (ECF No.

44.) Defendant did not respond to the motion for default judgment. *See* Docket. On December 17, 2024, the undersigned issued an order taking Plaintiff's motion under submission; vacating the hearing; ordering a written response from Defendant Kings Smoke Shop by January 6, 2025; and directing Plaintiff to serve Defendant Kings Smoke Shop with a copy of the order. (ECF No. 45.) A copy of the December 17, 2024 order was served on Defendant Kings Smoke Shop by mail the same day. (ECF No. 46.) Defendant Kings Smoke Shop did not respond. *See* Docket. This pending motion proceeds as to Defendant Kings Smoke Shop only.

## II.     LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, this default does not automatically entitle the plaintiff to a judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citations omitted). The decision to grant or deny the entry of default judgment is within the district court's discretion. *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016).

In determining whether to enter default judgment, courts consider the following factors:

1. the possibility of prejudice to the plaintiff;

2. the merits of the substantive claim(s);

3. the sufficiency of the complaint;

4. the amount of money at stake in the lawsuit;

5. whether there are any disputes of material fact;

6. whether the defendant's default was due to excusable neglect; and

7. the strong policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Ninth Circuit has long disfavored default judgments, counseling that cases be decided on the merits "whenever reasonably possible." *Id*. at 1472.

6

1    Once a default is entered, all well-pled allegations in the complaint regarding

2    liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir.

3    2002). "On the other hand, a defendant is not held to admit facts that are not well-

4    pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at

5    *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are

6    not established by the pleadings of the prevailing party, or claims which are not well-

7    pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d

8    1386, 1388 (9th Cir. 1978). Necessary facts not contained in the pleadings and claims

9    which are legally insufficient are not established by default. *DIRECTV, Inc. v. Hoa*

10   *Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Further, a plaintiff's allegations regarding

11   damages are not deemed true at default, and the plaintiff bears the burden to prove

12   damages with evidence. *See* Fed. R. Civ. P. 55(b)(2)(C); *Geddes v. United Fin. Grp.*,

13   559 F.2d 557, 560 (9th Cir. 1977).

14   **III.    DISCUSSION**

15       **A.    Jurisdiction**

16       When default judgment is sought, the "district court has an affirmative duty to look

17   into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707,

18   712 (9th Cir. 1999) (citations omitted). The Court has subject matter jurisdiction over this

19   action pursuant to 28 U.S.C. § 1331 because it arises under federal trademark law,

20   15 U.S.C. § 1051, *et seq*. In addition, the Court has personal jurisdiction over Defendant

21   Kings Smoke Shop, who is alleged to be a California resident. SAC ¶ 5. The Court's

22   jurisdiction analysis is not a finding that the claims are sufficiently pled.

23       **B.    Default Judgment**

24           1.    Service of Complaint

25       In reviewing a motion for default judgment, the Court must determine whether

26   Defendant Kings Smoke Shop was properly served with the summons and complaint.

27   Fed. R. Civ. P. 4(c). Under California law, "[a] summons may be served on a corporation

28   by delivering a copy of the summons and the complaint" on an authorized agent by

7

1   personal delivery. Cal. Civ. Proc. §§ 415.10, 416.10. On February 20, 2024 at 7:39 p.m.,

2   a third-party process server properly served Defendant Kings Smoke Shop with the SAC

3   and summons. (ECF No. 33.)

4           2.     *Eitel* Factors

5         For the following reasons, the Court finds that the *Eitel* factors weigh against

6   granting default judgment against Defendant. Specifically, the Court finds the SAC is

7   deficient in several respects and fails to state a claim under the second and third *Eitel*

8   factors. The second and third *Eitel* factors, which are often analyzed together, consider

9   the substantive merits of a plaintiff's claim and the sufficiency of its pleadings. *PepsiCo,*

10  *Inc.*, 238 F. Supp. 2d at 1175. The issue on default judgment is "whether the allegations

11  in the complaint are sufficient to state a claim on which the [plaintiff] may recover."

12  *Danning*, 572 F.2d at 1388.  In reviewing a default judgment, a court must take the well-

13  pleaded factual allegations of the complaint as true. *Cripps v. Life Ins. Co. of N. Am.*, 980

14  F.2d 1261, 1267 (9th Cir. 1992). "However, necessary facts not contained in the

15  pleadings, and claims which are legally insufficient, are not established by default." *Id.*

16        Plaintiff asserts two claims in this action: (1) trademark counterfeiting and

17  infringement under 15 U.S.C. § 1114, and (2) false designation of origin and unfair

18  competition under 15 U.S.C. § 1125(a). SAC at 11-13. The Court addresses each in

19  turn.

20          *a)*     *Trademark Infringement and Counterfeiting*

21        To state a claim for trademark infringement, a plaintiff must adequately allege it is

22  the owner of a valid, protectable mark, and the alleged infringer is using a similar mark

23  that is likely to confuse. *See Grocery Outlet Inc. v. Albertson's Inc.*, 497 F.3d 949, 951

24  (9th Cir. 2007). Courts determine the likelihood of confusion by considering: (1) the

25  strength of the mark; (2) the proximity of the goods; (3) the similarity of the marks; (4) the

26  evidence of actual confusion; (5) the marketing channels used; (6) the type of goods and

27  degree of care consumers are likely to exercise in purchasing them; (7) the intent of the

28  defendant in selecting the mark; and (8) the likelihood that the parties will expand their

1   product lines. *Lodestar Anstalt v. Bacardi & Co. Ltd.*, 31 F.4th 1228, 1252 (9th Cir. 2022)

2   (citing *AMF Incorporated v. Sleekcraft Boats*, 599 F.2d 341, 348-54 (9th Cir. 1979),

3   abrogated *on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792

4   (9th Cir. 2003)). When analyzing a claim brought under a counterfeiting theory, courts

5   need not engage in a likelihood of confusion analysis because a defendant who

6   "deliberately copies the dress of his competitors already in the field…raises a

7   presumption that customers will be deceived." *Louis Vuitton Malletier, S.A. v. Akanoc*

8   *Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011) (citations omitted). Instead, courts examine

9   whether the defendant used a non-genuine mark identical to or substantially

10  indistinguishable from the plaintiff's registered, genuine mark, and the genuine mark was

11  registered for use on the same goods to which the infringer applied the non-genuine

12  mark. *Id.*

13          First, the SAC adequately alleges the existence of one or more valid trademarks

14  to support Plaintiff's claim for trademark infringement and counterfeiting. The SAC

15  alleges Plaintiff owns the following three registered trademarks: (1) U.S. Trademark

16  Registration Number 6,633,884 for "the standard character mark 'Stündenglass' in

17  association with goods further identified in registration in international class 011";

18  (2) U.S. Trademark Registration Number 6,174,292 for "the design plus words mark 'S'

19  and its logo in association with goods further identified in the registration in international

20  class 034"; and (3) U.S. Trademark Registration Number 6,174,291 for "the standard

21  character mark 'Stündenglass' in association with goods further identified in registration

22  in international class 034." SAC ¶ 11. Registration of a mark on the Principal Register in

23  the Patent and Trademark Office constitutes prima facie evidence of the validity of the

24  registered mark. *Applied Info. Scis. Corp. v. eBAY, Inc.*, 511 F.3d 966, 970 (9th Cir.

25  2007). However, even accepting all well-pled factual allegations as true as required for

26  default judgment motions, the SAC does not allege sufficient facts to support plausible

27  allegations that Defendant used Plaintiff's trademarks in an infringing or counterfeiting

28  manner.

Second, the SAC lacks sufficient factual allegations to plausibly conclude Defendant used Plaintiff's trademarks. The SAC states that on October 17, 2022, Plaintiff's investigator "observed that [Defendant's location] had an excess of Glass Infusers which displayed the Stündenglass Trademarks" and that the "investigator purchased a Glass Infuser with a Stündenglass Marks affixed to it, from [Defendant Kings Smoke Shop], for a cost of $350.00[.]" SAC ¶ 31. Although Plaintiff alleges that all three trademarks were applied to the glass infuser purchased at Defendant's store, and includes photographs of these trademarks, Plaintiff fails to address how one single product could infringe on two different international classes of goods. While Plaintiff's motion provides that Defendant's glass infuser includes all three trademarks and that "Plaintiff's products are both glass infusers" that can be "used either for smoking purposes or infusing foods and drinks" this does not adequately address how all three trademarks are on Defendant's single product. Pl. Mot. at 15. In addition, review of the photographs only indicates Defendant's product is utilized for smoking and does not indicate it can be used as a food and beverage infuser. *Compare* SAC (ECF No. 28-2), *with* SAC (ECF No. 28-1). Plaintiff also does not address this discrepancy, which is problematic given Plaintiff seeks damages for infringement as to all three trademarks. Thus, the SAC is deficient for lack of necessary facts. *See DIRECTV*, 503 F.3d at 854; *see also GS Holistic, LLC v. J's Smoke Shop*, 2024 WL 1054899, at *2 (E.D. Cal. Mar. 11, 2024) (denying motion for default judgment where, among other things, plaintiff failed to specify which of its three trademarks was used); *GS Holistic, LLC v. Pudasaini,* 2024 WL 710890, at *4 (N.D. Cal. Feb. 21, 2024) (same); *GS Holistic, LLC v. Bubbles Smoke Shop*, 2023 WL 6787773, at *3 (C.D. Cal. Sept. 5, 2023) (same).

Third, the SAC alleges Plaintiff's investigator purchased a glass infuser with Stündenglass trademarks "affixed to it" from Defendant and that "it was a Counterfeit product in that it displayed the Infringing Marks []." SAC ¶ 31. As pled, the SAC is vague and conclusory as to the process Plaintiff's investigator undertook to confirm the similarities in the trademarks and does not clarify, as other courts have noted, whether

1  Defendant is merely reselling Plaintiff's products and therefore not a counterfeit product,

2  which would not constitute an infringement. *See GS Holistic, LLC v. Ravens Smoke*

3  *Shop, Inc.*, 2023 WL 5504964, at *5 (citing *NEC Electronics v. CAL Circuit Abco*, 810

4  F.2d 1506, 1509 (9th Cir. 1987) (noting that the sale of a genuine trademarked product

5  by an unauthorized seller is not a violation of the Lanham Act)); *see also GS Holistic,*

6  *LLC v. Bubbles Smoke Shop*, 2023 WL 6787773, at *5 (same). Further, mere assertions

7  that the glass infuser sold by Defendant is "a Counterfeit product in that it displayed the

8  Infringing Marks" are conclusory and not taken as true. *See Paulsen v. CNF Inc.*, 559

9  F.3d 1061, 1071 (9th Cir. 2009) (the court is not required to accept as true legal

10  conclusions in a complaint "merely because they are cast in the form of factual

11  allegations"); *see also GS Holistic, LLC v. Cigarette Outlet Smoke Shop*, 2024 WL

12  519783, at *2 (E.D. Cal. Feb. 9, 2024) (denying plaintiff's motion for default judgment for,

13  among other reasons, the complaint's reliance on conclusory statements that "the Glass

14  Infuser [defendant] sold to Plaintiff's investigator was a Counterfeit Good with an

15  Infringing Mark affixed to it").

16  Fourth, although the SAC alleges Defendant's "use of the counterfeit

17  Stündenglass Trademarks began after the registration of the Stündenglass Trademarks"

18  (SAC ¶ 35), it does not allege when this began—much less provide any other details

19  about Defendant's allegedly infringing actions. The Court cannot supply necessary facts

20  that are omitted from the SAC. *See DIRECTV*, 503 F.3d at 854; *see also GS Holistic,*

21  *LLC v. Puff+ LLC*, 2024 WL 659362, at *3 (E.D. Cal. Feb. 16, 2024) (rejecting plaintiff's

22  default judgment motion where the complaint lacked details regarding the defendant's

23  alleged use where only one instance was alleged); *GS Holistic, LLC v. Ashes Plus Nine*,

24  2023 WL 5993055, at *4 (N.D. Cal. Aug. 25, 2023) (same).

25  Fifth, the SAC does not allege sufficient facts to support a plausible claim for

26  infringement as to a consumer's likelihood of confusion. The SAC makes conclusory

27  allegations stating that Defendant "used images and names identical to or confusingly

28  similar to the Stündenglass Marks, to confuse customers and aid in the promotion and

11

1   sales of Counterfeit Goods", the "Infringing Goods travel in identical channels of trade

2   and are sold to identical consumers as Stündenglass genuine goods", and that the

3   "Infringing Marks affixed to the Counterfeit Goods that [Defendant Kings] Smoke Shop

4   has distributed, provided, marketed, advertised, promoted, offered for sale, and/or sold,

5   is confusingly identical or similar to the Stündenglass Marks that [Plaintiff] affixes to its

6   Glass Infusers." SAC ¶¶ 39-41. Such conclusory allegations lacking in factual support

7   are insufficient for purposes of default judgment. *See Paulsen*, 559 F.3d at 1071;

8   *DIRECTV*, 503 F.3d at 854; *see also GS Holistic, LLC v. Bubbles Smoke Shop*, 2023

9   WL 6787773, at *4 (denying default judgment because the complaint failed to allege

10  facts supporting a *Sleekcraft* analysis and relied on conclusory statements about the

11  likelihood of confusion). While Plaintiff's motion makes passing reference to the

12  *Sleekcraft* factors and provides photographs (*see* Pl. Mot. at 15 and ECF No. 42-2),

13  there is no effort to apply the applicable legal standards to this case. *See GS Holistic,*

14  *LLC v. Linda*, 2023 WL 8878140, at *3 (E.D. Cal. Dec. 22, 2023) (denying motion for

15  default judgment where, among other things, the motion relied on similarly conclusory

16  assertions about the likelihood of confusion).

17          Finally, as to the alleged sale of a counterfeit good, the SAC fails to state a claim

18  because it does not adequately allege that Defendant sold a counterfeit product. Instead,

19  the SAC relies on wholly conclusory allegations, such as allegations that Defendant's

20  glass diffuser "was a Counterfeit product in that it displayed the Infringing Marks." SAC

21  ¶ 31. Nor does the SAC explain the types of goods Defendant has sold in the past, other

22  than one glass infuser sold to Plaintiff's investigator on October 17, 2022. SAC ¶ 31.

23  Thus, the SAC is deficient on Plaintiff's counterfeit theory as well. *See GS Holistic, LLC*

24  *v. J's Smoke Shop*, 2024 WL 1054899, at *2 (rejecting counterfeit theory on default

25  judgment motion because of the complaint's failure to allege facts supporting the claim

26  and otherwise reliance on conclusory assertions that defendant's goods were

27  counterfeit).

28  / / /

1
                *b)*      *False Designation of Origin and Unfair Competition*

2         To establish a claim for false designation of origin under 15 U.S.C. § 1125(a), a

3 plaintiff must show defendant used a false designation of origin in interstate commerce

4 that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or

5 approval of defendants' goods or services. *Freecycle Network, Inc. v. Oey*, 505 F.3d

6 898, 902 (9th Cir. 2007). Claims for false designation of origin, as a type of unfair

7 competition claim, are analyzed similarly to infringement claims because the "ultimate

8 test" for these claims are the same: the public's likelihood of confusion. *Jada Toys, Inc.*

9 *v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008) (using the same likelihood of confusion

10 test to analyze trademark infringement and false designation of origin claims); *see also*

11 *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999)

12 (considering false designation of origin claim as one of "unfair competition"); *Champions*

13 *Golf Club, Inc. v. The Champions Golf Club, Inc.*, 78 F.3d 1111, 1122-23 (6th Cir. 1996)

14 ("[F]alse designation is simply a species of unfair competition.") (citing *McCoy v.*

15 *Mitsuboshi Cutlery, Inc.*, 67 F.3d 917, 923 (Fed. Cir. 1995)).

16         Here, the Court has already determined the SAC is deficient on the likelihood of

17 confusion element for the infringement claim. Plaintiff relies on the exact same

18 allegations for its false designation of origin claim. Pl. Mot. at 12-13. Thus, the result is

19 the same for the false designation of origin claim brought under 15 U.S.C. § 1125(a).

20 *See Jada*, 518 F.3d at 632; *see also GS Holistic, LLC v. J's Smoke Shop*, 2024 WL

21 1054899, at *3 (denying default judgment motion on plaintiff's false designation claim on

22 the same grounds as on the infringement claim—for failure of the complaint to state

23 sufficient claims and failure on the merits); *GS Holistic, LLC v. Puff N Go Gift Shop LLC*,

24 2023 WL 4146232, at *5 (N.D. Cal. June 22, 2023) (same).

25         For the foregoing reasons, Plaintiff has failed to establish the second and third

26 *Eitel* Factors and its motion for default judgment should be denied for failure to state a

27 claim under 15 U.S.C. §§ 1114 and 1125(a).

28 / / /

1

**C.      Federal Actions Related to Plaintiff's Stündenglass Trademarks**

2          Plaintiff has brought many similar, if not identical, claims about its Stündenglass

3    trademarks against other defendants. *See GS Holistic, LLC v. Mr Vape Smoke Shop*,

4    2024 WL 4545885, at *3 (E.D. Cal. Oct. 22, 2024) (collecting cases). Numerous courts in

5    the Ninth Circuit have found vague and conclusory allegations made by Plaintiff to be

6    insufficient to grant default judgment. *See GS Holistic, LLC v. Puff+ LLC*, 2024 WL

7    659362, at *3 (collecting cases where motion for default judgment was denied due to GS

8    Holistic's wholly insufficient pleadings and motion); *GS Holistic, LLC v. Kings*

9    *Smokeshop*, 2024 WL 150217, at *2 (E.D. Cal. Jan. 12, 2024) (denying motion for

10   default judgment because the complaint "has not satisfied the second and third *Eitel*

11   factors; i.e., the merits of plaintiff's substantive claim and the sufficiency of the

12   complaint"); *GS Holistic, LLC v. Ashes Plus Nine*, 2023 WL 5993055, at *5 ("[T]his Court

13   and other district courts in this Circuit have found similar (if not almost identical)

14   allegations by GS Holistic equally insufficient"); *GS Holistic, LLC v. Ravens Smoke*

15   *Shop, Inc.*, 2023 WL 5504964, at *4 (C.D. Cal. July 10, 2023) ("As currently pled, these

16   factual allegations are vague and conclusory, and need not be accepted as true."); *GS*

17   *Holistic, LLC v. Alien Smoke Shop*, 2023 WL 3402589, at *1 (C.D. Cal. Mar. 17, 2023)

18   ("Plaintiff's allegations of infringement here are insufficient to support a finding that

19   defendants willfully infringed plaintiff's trademarks").

20         The undersigned is aware that other courts—including those in this district—have

21   granted motions for default judgment on substantially similar complaints and motions

22   filed by this Plaintiff. *See GS Holistic, LLC v. AA 110*, 2024 WL 2848455, at *7 (E.D. Cal.

23   June 5, 2024) (granting motion for default judgment in part, but limiting damages to

24   $5,000), report and recommendation adopted sub nom. 2024 WL 3396380 (E.D. Cal.

25   July 12, 2024); *GS Holistic, LLC v. Nasher*, 2024 WL 1994702, at *1 (E.D. Cal. May 6,

26   2024) (same); *GS Holistic, LLC v. Habib's Disc.*, 2023 WL 8644103, at *7 (E.D. Cal. Dec.

27   14, 2023) (granting motion for default and awarding $75,000 in damages), report and

28   recommendation adopted sub nom. 2024 WL 495139 (E.D. Cal. Feb. 8, 2024). The

1  undersigned respectfully disagrees, and follows the approach of the many courts that

2  have denied similar motions for default judgment brought by GS Holistic. *See, e.g., GS*

3  *Holistic, LLC v. Puff+ LLC*, 2024 WL 659362, at *3; *GS Holistic, LLC v. Kings*

4  *Smokeshop*, 2024 WL 150217, at *2; *GS Holistic, LLC v. Ashes Plus Nine*, 2023 WL

5  5993055, at *5; *GS Holistic, LLC v. Ravens Smoke Shop, Inc.*, 2023 WL 5504964, at *4;

6  *GS Holistic, LLC v. Alien Smoke Shop*, 2023 WL 3402589, at *1.

7      **D.**    **Failure to State a Claim**

8      District courts have discretion whether to enter a default judgment. *Aldabe v.*

9  *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Where a complaint fails to state a claim,

10  default judgment may not be entered. *See Aldabe*, 616 F.2d at 1092 (affirming the

11  district court's denial of default judgment where plaintiff's claims lacked merit); *DirecTV,*

12  *Inc.,* 503 F.3d at 854-56 (holding "[t]he district court properly refused to grant default

13  judgment" where a plaintiff's complaint was not well-pleaded and instead provided only

14  "legal conclusions" that were "not held to have admitted through default.") Accordingly,

15  because Plaintiff has failed to state a claim as to trademark counterfeiting and

16  infringement under 15 U.S.C. § 1114, and false designation of origin and unfair

17  competition under 15 U.S.C. § 1125(a), the Court recommends default judgment be

18  DENIED.

19      **E.**    **Dismissal without Leave**

20      Plaintiff has failed to cure the deficiencies of its claims despite being provided

21  ample opportunity to do so. Accordingly, the Court finds further amendment would be

22  futile. *See Zucco Partners, LLC v. Digimarc Corp*., 552 F.3d 981, 1007 (9th Cir. 2009)

23  (affirming district court's dismissal with prejudice "where the plaintiff has previously been

24  granted leave to amend and has subsequently failed to add the requisite particularity to

25  its claims, 'the district court's discretion to deny leave to amend is particularly broad.'")

26  Here, Plaintiff's SAC continues to rely on conclusory allegations that are insufficient to

27  state a claim despite awareness of the applicable legal standards and deficiencies in its

28  / / /

1  prior pleading. Therefore, the Court recommends Plaintiff's SAC be DISMISSED without

2  leave to amend.

3  **IV.    CONCLUSION**

4        For the reasons set forth above, it is HEREBY RECOMMENDED that:

5        1.  Plaintiff's motion for default judgment (ECF No. 42) be DENIED;

6        2.  The Second Amended Complaint (ECF No. 28) be DISMISSED without leave

7              to amend; and

8        3.  The Clerk of the Court be directed to close this action.

9        These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

11  14 days after being served with these findings and recommendations, any party may file

12  written objections with the Court and serve a copy on all parties. This document should

13  be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

14  reply to the objections shall be served on all parties and filed with the Court within 14

15  days after service of the objections. Failure to file objections within the specified time

16  may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

17  455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

18

19  Dated:  May 16, 2025

20                                                    CHI SOO KIM

21                                                    UNITED STATES MAGISTRATE JUDGE

22  4, gsho0292.23

23

24

25

26

27

28